## Thaddeus Stevens's Estate. Appeal of Thaddeus J. B. Stevens et al.

[Marked to be reported.]

*Will—Devise—Charity.*

Testator gave a life estate to his nephew with a direction that if his nephew abstained from intoxicating liquors for a certain period he should take a fee in the estate. He then provided as follows: "If the life estate of my nephew should expire before he has enabled himself to become entitled to the corpus, or fee simple, of my estate, then I dispose of whatever may remain as follows: If the aggregate sum shall then amount to fifty thousand dollars without which no further disposition can be made, I give it all to my trustees to erect, establish, and endow a house of refuge for the relief of the homeless indigent orphans. . . . I desire twenty thousand dollars to be expended in erecting suitable buildings. The residue to be secured in government securities." *Held*, that the gift to the charity was absolute, and not merely contingent upon the estate amounting to $50,000 at the time of the death of the nephew. If the estate did not amount to $50,000 at the nephew's death, the trustees were to wait until it reached that amount before entering upon their work.

Argued May 16, 1894. Appeal, No. 348, Jan. T., 1894, by the heirs of Thaddeus Stevens, deceased, from decree of O. C.

Lancaster Co., dismissing exceptions to auditors' report. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, and FELL, JJ.   Affirmed.

Exceptions to auditors' report.

From the report of the auditors, Simon P. Eby, Wm. Leaman and J. Hay Brown, Esqs., it appeared that Thaddeus Stevens died Aug. 12, 1868, leaving a will by which, after other bequests, he gave an annuity to his nephew, Captain Thaddeus Stevens.   He further directed as follows:

"If at the end of any five years Thaddeus (nephew) shall have shown that he has totally abstained from all intoxicating drinks during that time, the trustees may convey to him one fourth of the whole property; if at the end of the next successive five years he shall show that he has totally abstained from all intoxicating drinks, they may convey to him another fourth, being one half of the property; if at the end of another consecutive five years he shall show that he has abstained from all intoxicating drinks, they may convey the whole to him in fee simple; if he should get married before the house I live in is sold he may receive the same and occupy it without sale.

"If the life estate of my nephew, or rather the annuity of the said Capt. Thaddeus Stevens, of Pennsylvania, should expire before he has enabled himself to become entitled to the corpus, or fee simple of my estate, then I dispose of whatever may remain, as follows: If the aggregate sum shall then amount to fifty thousand dollars, without which no further disposition thereof can be made, I give it all to my trustees to erect, establish and endow a house of refuge for the relief of the homeless, indigent orphans.   Those shall be deemed orphans who shall have lost either parent.   I desire twenty thousand dollars to be expended in erecting suitable buildings, the residue to be secured in government securities, bearing not less than six per cent per annum interest.   I wish the buildings to be erected in the city of Lancaster, south of East King street, provided sufficient ground, not less than two acres, shall be donated therefor, if not, then on the west side of said street, on the same condition.   If sufficient should not be gratuitously offered, then I desire it to be built at Columbia.   The orphans who cannot be bound out may remain in the institution

until the age of fifteen years, and longer if infirm, at the discretion of the authorities. They shall all be carefully educated in the various branches of English education, and all industrial trades and pursuits. This must be left to the discretion of the authorities. No preference shall be shown on account of race or color, in the admission or treatment; neither poor Germans, Irish or Mohammedans, nor any others on account of their race, or the religion of their parents, must be excluded. All the inmates shall be educated in the same classes and manner, without regard to color. They shall be fed at the same table. The dormitories to be under the direction of the authorities. The trustees should procure an act of incorporation at some convenient time."

Captain Thaddeus Stevens died on or about June 1, 1874, before he had enabled himself to become entitled to the corpus or fee simple of the estate. At that time there were no accumulations.

The auditors found that the estate of Thaddeus Stevens, deceased, did not at any time " aggregate " fifty thousand dollars exclusive of accumulations, after payment of debts and liabilities, necessary expenses of settlement, general legacies and collateral inheritance tax.

The final account of the estate was filed by Edward McPherson, surviving executor, on May 9, 1891. At that time, with all accumulations, the " aggregate " of the remainder of the estate was only $50,687.90. The estate could not be settled any sooner because the executor did not receive the purchase money for the real estate sold before May 1, 1889.

The heirs claimed that there was an intestacy so far as the remainder of the estate was concerned, because, at the time of the death of Captain Thaddeus Stevens, the " aggregate " sum of the estate did not amount to fifty thousand dollars, and that being the case no further disposition thereof could be made. The auditors overruled the claim of the heirs, and awarded the fund to the surviving trustee.

Exceptions to the report of the auditors were overruled and a decree entered confirming their report, in an opinion by LIVINGSTON, P. J.

*Errors assigned* were dismissal of exceptions, quoting them and entry of decree.

*H. M. North* and *D. G. Eshleman*, for Thaddeus J. B. Stevens.—While the rules of construction of wills, when necessary to carry out the evident intention of the testator, permit the change of the word " or " to " and," and vice versa, Kelso v. Dickey, 7 W. & S. 279; Beltzhoover v. Costen, 7 Pa. 13, the words " without which " should not be stricken from this will.

If there is anything certain in the will it is that, within the whole four corners of it, there is not a word, not an intimation even, from which an inference can be drawn that he intended that the " aggregate " balance, if it amounted to less than fifty thousand dollars, should be held for accumulation: Varner's Ap., 87 Pa. 422; Hoffner v. Wynkoop, 97 Pa. 134; McKeehan v. Wilson, 53 Pa. 76.

The question in expounding a will is not what the testator meant, but what is the meaning of his words: 2 Wms. Exrs. 1078, 1080; Martindale v. Warner, 15 Pa. 480; Weidman's Ap., 42 Leg. Int. 338; Hancock's Ap., 112 Pa. 532; Rupp v. Eberly, 79 Pa. 141; 1 Jarman on Wills, 415; Mutter's Est., 38 Pa. 314; Shreiner's Ap., 53 Pa. 106; Smith on Executory Int. 26; France's Est., 75 Pa. 220.

Where a provision in a will becomes inoperative, there is a lapse to that extent, and, in the absence of a residuary clause, that amount passes under the intestate law: Joyce's Est., 13 W. N. 520; Grim's Ap., 89 Pa. 333; Hoffner v. Wynkoop, 97 Pa. 130; Fitzwater's Ap., 94 Pa. 141.

An heir can be disinherited only by express devise, or necessary implication; hence, in the construction of a will of doubtful meaning, every fair intendment is to be made in favor of the heir: Bender v. Dietrick, 7 W. & S. 284; Hitchcock v. Hitchcock, 35 Pa. 393; Rupp v. Eberly, 79 Pa. 141; Howe's Ap., 126 Pa. 233; Weber's Ap., 17 Pa. 474; 2 Bl. Com. 151; 1 Jarman on Wills, 744.

*Geo. M. Kline*, for appellee.—A restricted meaning cannot be given where the effect would be to lead to an intestacy: Stivers' Est., 21 W. N. 335.

No presumption of an intent to die intestate as to any part of the estate is to be made, where the words of the testator will carry the whole: Stehman v. Stehman, 1 Watts, 466; Miller's Ap., 113 Pa. 459.

It is never presumed that a testator intended to die intestate as to any part of his estate if a contrary intent can be fairly deduced from the language of the will: Roland v. Miller, 100 Pa. 50; Ferry's Ap., 102 Pa. 207; Middleswarth v. Blackmore, 74 Pa. 415; East v. Dook, 2 Ves. 30; Board of Missions, 91 Pa. 514; 2 Wms. Exrs., p. 41, 62.

In the parenthetic clause, "if" should be read "when: " Buzby's Ap., 61 Pa. 116.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 1, 1894:

The will of the late Hon. Thaddeus Stevens was written by himself, and is a characteristic production. Its provisions are expressed in very few words and, generally speaking, with great clearness. Such ambiguity as exists in it is due to brevity in expression, and the use of popular instead of technical words. Looking at it as a whole it is clear that he did not intend that his estate should go to his heirs as such, or that any part of it should be distributed under the intestate laws.

After a few legacies and two small annuities were provided for, he made an alternative disposition of the remainder of his estate. The first object of his bounty was his nephew, Captain Thaddeus Stevens, son of his deceased brother, Morrill Stevens. This young man, after the death of his father, was brought from Vermont to the home of his uncle, who seems thereafter to have stood to him in loco parentis. The provision made for him in the will was so drawn as to furnish the strongest possible argument in favor of a life of sobriety. It is as follows: " If at the end of any five years Thaddeus (nephew) shall have shown that he has totally abstained from all intoxicating drinks during that time, the trustees may convey to him one fourth of the whole property; if at the end of the next successive five years he shall show that he has totally abstained from all intoxicating drinks they may convey to him another fourth, being one half of the property; if at the end of another consecutive five years he shall show that he has abstained from all intoxicating drinks, they may convey the whole to him in fee simple." Here is a devise of the whole estate to his nephew on a single condition, that of abstaining, for fifteen years consecutively, from all intoxicating drinks. In case his nephew was unwilling or unable to comply with the condition, so that

the estate could not vest in him, the testator had a second object of his bounty, which was in that case to succeed to his entire estate.  The provision for this second object is as follows: " If the life estate of my nephew, or rather the annuity of the said Captain Thaddeus Stevens of Pennsylvania, should expire before he has enabled himself to become entitled to the corpus, or fee simple, of my estate, then I dispose of whatever may remain as follows: If the aggregate sum shall then amount to fifty thousand dollars, without which no further disposition can be made, I give it all to my trustees to erect, establish and endow a house of refuge for the relief of the homeless indigent orphans.  Those shall be deemed orphans who have lost either parent.  I desire twenty thousand dollars to be expended in erecting suitable buildings.  The residue to be secured in government securities bearing not less than six per cent per annum interest."  The ambiguity in this provision is found in the words "If the aggregate sum shall then amount to fifty thousand dollars, without which no further disposition can be made, I give it all " etc.

The contention of the appellants is that this gift is conditional upon the amount of the estate at the death of Captain Stevens.  If at that time the estate was of the aggregate value of fifty thousand dollars the gift was to take effect.  If it was not of that value then the gift failed, the testator became intestate and his whole estate descended, less the legacies paid, to the heirs at law.  The trouble with this position is that it disregards the intentions of the testator and it gives to an explanatory and parenthetic clause the effect of a condition.  It is true that the question to be settled in giving construction to a will is not so much, what did the testator mean, as what is the meaning of the words he has employed?  Hancock's Appeal, 112 Pa. 532.  But the words must be read according to their plain and ordinary meaning, taking the immediate context into view: Appeal of E. D. Howe et al., 126 Pa. 233.  And, when necessary, the scheme of the will, and the character of other provisions in it, should be considered, so that the instrument may be interpreted as a whole.  Looking over this will as a whole we conclude that the testator did not intend to die intestate.  This is a legal presumption arising from the fact of his making a will: Ferry's Appeal, 102 Pa. 207 ; Miller's Appeal, 113 Pa.

459.  But in the will before us it is not left to be gathered by presumption, for it is plainly expressed.  The declaration of the testator is that if his nephew should die without entitling himself to the fee simple of his estate " then (that is, in that event) I dispose of whatever may remain as follows. . . . I give it all to my trustees to erect, establish, and endow a house of refuge for homeless indigent orphans."  No more apt words could have been chosen to show the testator's intention, or to carry it into effect, than these words of absolute gift of all that should remain of his estate at the death of his nephew without having complied with the condition on which the gift to him depended.  But when and how is this charity to be established?  It is in the treatment of this subject that the testator sacrificed clearness to brevity.  The answer to the question " when " is found in a parenthetic clause.  It is whenever the estate shall have an aggregate value of fifty thousand dollars ; and until that happens no further disposition can be made of it.  Why?  Because, as the testator states, he wishes twenty thousand dollars to be invested in building and equipment and thirty thousand dollars on interest bearing securities as an endowment.  Without this sum, or until it is within the reach of his trustees, the charity cannot be put upon the foundation the testator desires ; and he does not wish anything done until it can be done in the way pointed out.  The answer to the question " how " is given very clearly.  The trustees are to procure a charter of incorporation.  They are to see that admission is not made to depend on race, color, or religious belief of parents, that all eat at a common table, and share alike in all the advantages of the house of refuge established.  The gift to the charity is thus seen to be absolute.  The fee simple having failed to vest in the nephew, vests unconditionally in the charity.  The only element of uncertainty in the gift is that which relates to the time when the trustees shall begin the work of erecting, establishing and endowing the charity.  This the testator makes depend on the value of his estate at the time when the contingency happens that vests the title in the trustees for the charity.  If at that time the value is fifty thousand dollars or upwards the trustees are required to enter at once on their work.  If it is less than that sum then they must wait until it has reached fifty thousand dollars, " without which no further disposition can be made."

The testator's plan requires the use of at least that sum of money, and if the aggregate value of the estate was less, then nothing could be presently done but to wait till the necessary sum was in hand. If the parenthetical words should be transposed and placed at the end of the sentence the meaning would be made to appear very clearly. The gift would then be in this form : "I dispose of whatever may remain as follows : I give it all to my trustees to erect, establish and endow a house of refuge, but I do not want this work entered upon until the trustees shall have at least fifty thousand dollars at their disposal. Of this sum, twenty thousand dollars may be used to build and furnish a suitable building, and thirty thousand dollars or more, if more should be in the hands of the trustees, must be put at interest as an endowment fund." The learned auditors reached the same conclusion in an elaborate and able report which the orphans' court adopted as a correct exposition of the will of the testator, and as the basis of the decree appealed from. When the last account was filed by the surviving executor, and the auditors were appointed, the value of the estate was something more than the sum named by the testator as necessary for the establishment of the charity.

The decree awarding the fund to the trustees, " to erect, establish and endow a house of refuge for homeless, indigent orphans " is in accordance with the directions of the testator, and it is now affirmed.