## Van Dusen's Appeal.

1. Where an executor is also a devisee for life of the estate of a decedent, he may be compelled by the Orphans' Court, after having completed his duties as executor, to transfer the principal of the estate to himself as tenant for life, and enter security (under the Acts of February 24th 1834 and May 17th 1871), to protect the interests of those entitled in remainder.

2. An executrix who was also devisee for life, failed to comply with a decree of the Orphans' Court directing her to convert eighty shares of stock, belonging to the decedent's estate and held in her own name, into a legal investment, and to assign two mortgages which were in her name but also property of the estate, to herself as executrix; and likewise disregarded a decree of said court awarding the principal of the estate to her as life tenant, and ordering her, as such, to enter security. Upon the filing of a petition setting forth these facts, the court, without citation to the executrix entered a decree vacating her letters testamentary and making a trust company trustee of the estate.

*Held*, that sufficient cause had been shown to warrant the removal of the executrix, under the Act of May 1st 1861.

*Held*, also that although a citation should have issued before such removal, yet in view of the manifest justice and equity of the case, the decree would not be reversed on account of this omission.

January 26th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Appeal from the Orphans' Court of *Philadelphia county :* Of January Term 1883, No. 113.

The facts of this case were as follows : Matthew Van Dusen, Jr., died January 21st 1879. By his will, dated April 16th 1875, which was duly proved, he bequeathed to his wife Mary Van Dusen, the net income of his entire estate for her life or widowhood, and, upon her death or marriage, he directed his executors to apply a portion of it to the support of his minor children, and to invest the balance for the benefit of the estate. He then devised the residue of his estate to Catharine, Nicholas, Margaret, Matthew, Henry and Emma Van Dusen ; and appointed his wife, Mary Van Dusen, executrix, or in case of her death or marriage William Dickson and Nicholas Van Dusen, executors.

Letters testamentary were duly granted to the widow, and on February 19th 1880, she filed her account. At the adjudication of this account the court found that she had in her hands eighty shares of Pennsylvania Railroad stock, the certificates of which were in her own name, and two mortgages also in her own name, all of which belonged to the decedent's estate. It thereupon ordered her to convert the stock into a legal investment, and to assign the mortgages to herself as executrix ; and further awarded the whole principal of the estate, amounting

[Van Dusen's Appeal.]

to $12,957.33, of which the stock and mortgages formed a part, to her for life.

On April 15th 1881, three of the legatees in remainder, Nicholas Van Dusen, Kate Thomas, and Matthew Van Dusen, filed a petition in the Orphans' Court, setting out that the executrix had failed to comply with the order of the court in regard to the re-investment of the stock and transfer of the mortgages, and praying that she be ordered to give security to protect the petitioner's interests.

In her answer the executrix alleged that she had not been able to find a suitable investment for the railroad stock, which had meantime increased in value, and that the mortgages had been transferred to herself as executrix by endorsements on the instruments themselves. After argument, the court entered a decree, ordering Mrs. Van Dusen to enter security as life tenant, in the sum of $27,000 before June 3rd 1882, afterwards extending the time to July 29th of the same year.

Mrs. Van Dusen, claiming that she still held the property as executrix, not wishing to take it as life tenant, failed to comply with this order also.

Thereupon, on October 28th 1882, upon the filing of another petition setting forth these facts, the court, without citation to Mrs. Van Dusen, entered a decree vacating her letters testamentary, and appointing the Northern Savings Fund, Safe Deposit and Trust Company, trustee to receive the personal property and securities, in trust to collect and pay over the income thereof to Mrs. Van Dusen during her life, and ordering her to assign the said securities to the trustee within ten days.

Thereupon she took this appeal assigning for error the decree of the court, ordering security to be entered; and vacating the letters testamentary without citation to the executrix and appointing the Trust Company, trustee.

_Joseph M. Pile_ (with whom was _George W. Thorn_), for appellant.—The decree of the court ordering security to be entered was based on the Act of February 24th 1834, § 49, P. L. 82, and of May 17th 1871, § 1, P. L. 269. It is contended that neither of these acts authorize a court to compel the delivery of assets from an executor to a life tenant, except upon the request of the latter. The Act of 1834 was for the protection of the executor, providing that he should not be compelled to deliver to a life tenant unless security was entered, and the Act of 1871 simply enables a devisee for life to compel a delivery, upon entering security. In the present case the devisee for life preferred to have the securities remain with the executrix who was not bound to give security : Keene's Estate, 31 P. F. S. 133 ; Lindsay's Estate, 10 W. N. C. 36. The only authority for

6 OUTERBRIDGE.—15

removing an executor is found under the Acts of March 29th 1832, § 22 P. L. 195, and May 1st 1861, § 1 P. L. 680, and removal must be for some of the causes therein mentioned, none of which have been shown to exist in case of the appellant. But even if such did exist a citation is required to be issued, and a hearing had, before removal. The offence of the appellant is simply that she has declined to compel the delivery of the possession of the assets from herself as executrix to herself as life tenant. The only case in which the court have power to appoint a trustee is under the Act of 1846, where the authority is given to supply a vacancy in the office of testamentary trustee. Surely it cannot be held to apply here, where the only persons who were more than simple executors were those whose powers commenced with the death of Mrs. Van Dusen.

*George R. Van Dusen* (with whom was *Leonard W. Fletcher*), for appellees.—After May 24th 1880, the estate having been awarded appellant as legatee for life, not as executrix, her control over it as executrix had determined, and appellees had a right to demand, and on their application it was the duty of the court to order security to be entered. Act 24th February, 1834, section 49, P. L. 83; Act 17th May 1871, section 1, P. L. 269. It is absurd to say that because the legatee for life, who is one and the same person as the executrix, has not demanded possession of the estate as legatee for life she can not be compelled to enter security. The object of both these Acts was to protect the interests of those entitled in remainder, and under either of them, as before their passage, by filing a bill in chancery, the legatees in remainder could compel security to be entered by the life legatee : King *v.* Diehl, 9 S. & R. 409; Duval's Appeal, 38 Pa. St. 120; Lippincott *v.* Warder, 14 S. & R. 118. In Buist's Estate, 8 Phila. 194, which is directly in point, the accountant, to whom a life interest was bequeathed was compelled to enter security. In Keen's Estate, supra, no security was ordered because the executrix was a trustee having active duties to perform. This distinction is well recognized : Van Dusen's Estate, 11 W. N. C. 481; Lindsay's Estate, 10 W. N. C. 36. When the Orphans' Court removed appellant she had twice refused to comply with the order of the court, and she had invested money of the estate in her own name. This was sufficient cause for her removal. The order vacating the letters testamentary was surplusage, as all her functions under the will of testator had ceased. The vital part of the decree was the order commanding the transfer of the estate to the " Northern Savings Fund, Safe Deposit and Trust Company," and it is submitted that no reason has been shown why it should be set aside.

Chief Justice MERCUR delivered the opinion of the court, February 12th 1883.

On a previous adjudication of the account of the appellant as executrix, the court found she had in her hands eighty shares of Pennsylvania Railroad stock, the certificates of which were held in her own name, also two certain mortgages, held in like manner, all of which were part of, and belonged to the estate of the decedent. It thereupon ordered her to convert the railroad stock into a legal investment, and to assign the mortgages to herself as executrix. The court further awarded the whole principal of the estate amounting to $12,957.33 of which the stock and mortgages formed a part, to the appellant for life. That decree was not appealed from, and remains in full force. The appellant has in an irregular and unsatisfactory manner attempted to execute the order in regard to the mortgages; but has wholly failed and neglected to convert the railroad stock as directed. Under an assumed right to interpose her private judgment against the order of the court, she has omitted to convert the stock into a legal investment, and to transfer the principal of the estate to herself as life tenant in pursuance of the decree. Thus she not only disregarded the order to invest, but by continuing to hold the property as executrix she sought to deprive the residuary owners of the estate, of that security to which they are entitled.

In view of the contumacious conduct of the appellant, the court could very properly find the interests of the estate were likely to be jeopardized by her continuance as such executrix, and remove her from her trust under the Act of 1st May 1861, Purd. Dig. 454, pl. 242. It is true a citation should have been issued stating the specific object, and no removal should have been made without such notice. The facts averred in the petitions of the appellees, and in her answer thereto, exhibit such a dereliction of duty, and such danger of loss to the estate of the petitioners as to clearly justify her removal after citation.

The Act of 16th June 1836, Pur. Dig. 1110 pl. 52 makes it our duty, in all cases of appeals, from the several Orphans' Courts, to hear, try and determine the merits of such cases and to decree according to the justice and equity thereof. While the manner of removal in the present case is objectionable, and should not be followed, yet in view of the command of the statute, and of the manifest justice and equity of the case, we do not feel that the decree should be reversed. Her active duties as executrix in the settlement of the estate, had terminated. The sum justly in her hands had been ascertained, and fixed by final decree. Nothing remained for her to do, but to execute the orders made for the transfer of the property. Her removal as executrix took from her no valuable right. All her

emoluments as such had ceased. Justice and equity united in removing the obstacle which prevented the residuary owners of the estate from having it duly protected.

Decree affirmed and appeal dismissed at the costs of the appellant.