## Kelley's Estate (No. 2).

*Decedent's estates—Life estates in personal property—Security—
Wills—Construction.*

Where a testator gave to his widow two-thirds of his estate for
life, and after her death, to a trustee for the use of the daughter
of testator by a former marriage and her children, the court erred
in requiring the widow to give security for the performance of
the trust, where the gift was made to her direct and the trust was
active and testator in his will had expressly provided that she
was not to give bond and indicated full confidence in her com-
petency, efficiency and integrity.

Argued March 8, 1915. Appeal, No. 234, Jan. T., 1914,
by Edith S. Kelley, Executrix of the last will and
testament of John G. Kelley, deceased, legatee under
said will and widow of said decedent, from decree of O.
C. Monroe Co., requiring security in Estate of John G.
Kelley, Deceased. Before BROWN, C. J., MESTREZAT,
ELKIN, STEWART and FRAZER, JJ. Reversed.

Petition for a citation to compel a life tenant of per-
sonal property to give security. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

The court directed respondent to enter security in the
sum of $100,000 for the protection of the remainder in-
terests. Edith S. Kelley, life tenant, appealed.

*Error assigned* was the decree of the court.

A. *Mitchell Palmer*, with him *C. Raymond Bensinger,*
for appellant.

J. B. *Townsend*, of *Townsend, Elliott & Munson*, with
him *William A. Shafer*, for appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:
In the same estate we have another appeal in which

Edith S. Kelley, executrix and trustee, is the appellant, and which may here be disposed of. By the auditor's report as confirmed the entire balance of the estate was divided into three equal parts: one full part, $28,457.29, was awarded to the appellant, Edith S. Kelley, in accordance with the terms of the will absolutely; the other two-thirds, $56,914.59, were awarded to her "to hold the same and to have and enjoy the income thereof for and during the term of her natural life, and after the death of the said Edith S. Kelley the said two parts of said fund to be paid over to a trustee for the use of Anna K. Hornbrook during her life and after her death to the use of her children absolutely." At the instance of said Anna K. Hornbrook a citation issued directed to Edith S. Kelley to show cause why she should not give security conditioned on the performance of her trust, and the payment to the parties entitled thereto after the termination of her life estate of so much of the estate as the petitioner and her children would be then entitled to receive. The proceeding resulted in a decree requiring the said Edith S. Kelley to enter security for two-thirds of the personal estate, and from that decree this appeal is taken.

The gift to Edith S. Kelley was not through a trustee appointed in the will, but was to her direct. She stands then as quasi trustee toward those in remainder. Her relation in this regard is as well defined as though she had in terms been appointed and was in fact testamentary trustee. She was executrix of the will, trustee, and cestui que trust. The provision in the will that as executrix she was "not to give bond" does not perhaps stand in the way of the court, upon sufficient reason being shown, ordering that she do so as trustee, but it is a clear expression of the confidence the testator reposed in her competency, efficiency and integrity, and this is to be understood as extending to the trust as well. The trust thus committed to her was an active one. To her was entrusted the entire property for life, for her own

use and benefit, and incidental to this was its control and management, whatever the latter might require. Being an active trust, the case is clearly distinguishable from Van Dusen's App., 102 Pa. 224, which the court below treated as governing.   The present case more clearly resembles on its facts Keene's Est., 81 Pa. 133, wherein it was held that the trust in the executors being necessary to effectuate the purpose (payments of the income to the life tenant, and the principal at her death to her children), and the corpus of the estate being in them, inasmuch as they were charged with the duty of investment and payment the trust was necessarily an active one, and the life tenant, being herself an executrix, was not bound to give security for that which came into her hands, and could not be required to give security to those in remainder.   The duty of the executrix as life tenant here to invest and manage the trust estate, paying the income to herself, is quite as clear in this case as that, for, except as given this power, she could have no use or enjoyment of the fund.   We are of opinion that she is entitled to take the fund without giving security, and that it was error to require it of her as a condition.   The decree is reversed.