## Kemerer's Estate.

*Wills—Construction—Parol evidence—Life estates in personal property—Absolute interest—Decedents' estates—Duty of life tenant to enter security—Act of May 17, 1871, P. L. 269.*

1. Where a testator bequeathed all of his estate "to my beloved wife so long as she remains my widow......, after her death I direct that my property be sold and the proceeds of my estate be divided equally, share and share alike among my children," the wife took only an estate for life or until she should remarry and not an absolute interest in the personal property.

2. Parol evidence as to what testator meant by "estate" was inadmissible as there was no ambiguity in the will.

3. Where in such case, it appeared that the wife had been appointed executrix of the will, without bond, she was not thereby

authorized to retain her share of the proceeds of the estate during her lifetime without giving security therefor, but could be required either to give security, or to deliver the estate to a trustee appointed by the court to hold the same for the purposes declared in the will.

4. In such case, where the widow failed to give security for the protection of the remainder interests, and the court appointed a trustee, fixing a bond sufficient to cover any fund which might subsequently come into its hands from payments on account of uncollected assets, the decree on appeal was so modified as to allow the executrix a reasonable time to enter security, to be approved by the court, in which event she would be permitted to retain the fund, but if she failed to enter such security, she was directed to pay over the fund to the trustee in accordance with the decree of the lower court.

Argued Sept. 29, 1915. Appeal, No. 7, Oct. Term, 1915, by Mary Ann E. Kemerer, from decree of O. C. Westmoreland Co., Nov. T., 1912, No. 9, dismissing exceptions to adjudication, in Estate of Zachariah Kemerer, Deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Modified and affirmed.

Exceptions to adjudication. Before COPELAND, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Mary Ann E. Kemerer appealed.

*Errors assigned* were in dismissing the exceptions.

*James S. Moorhead,* with him *H. H. Dinsmore* and *Robert W. Smith,* for appellant.

*J. R. Silvis,* with him *Z. T. Silvis,* for appellees.

OPINION BY MR. JUSTICE FRAZER, January 3, 1916:

The clause of testator's will which is before us for construction reads as follows: "Second: I will and bequeath all my estate personal and real to my beloved wife so long as she remains my widow. Third: After her death, I direct that my property be sold and the pro-

ceeds of my estate be divided equally, share and share alike among my children," naming them. The court below decided the widow took only an estate for life or so long as she remained unmarried and entered a decree ordering the fund in controversy to be paid to a trustee to be invested and the interest paid to the widow "during her life or so long as she does not remarry." From the decree so entered the widow appeals and contends she is entitled to an absolute estate in the personalty or at least a life estate with power to consume the principal in whole or in part.

With this contention we cannot agree. The gift to testator's wife "so long as she remains my widow" followed by a gift "after her death" to testator's children by name clearly limits her interest to a life estate at most. Any other construction would disregard part of testator's language and would be clearly contrary to the fundamental principle of construction of wills which requires us to determine, not what the testator might have meant but what was the meaning of the words used: Woelpper's App., 126 Pa. 562; Bruckman's Est., 195 Pa. 363.

We are also of the opinion that the words "proceeds of my estate" in the third paragraph of the will refer to the entire estate and not merely to the fund derived from a sale of realty. The prior gift to the widow of "all my estate, personal and real" combined both classes of property and treated the estate as a whole and in absence of any subsequent distinction a reference by testator to his "estate" could have but one meaning. The direction to sell "my property," after the wife's death, evidently meant such property as had not been already converted into cash so as to make it readily divisible among the children.

The parol evidence received in the court below as to what testator meant by the word "estate" was clearly inadmissible, as conceded in the opinion of the court below, to aid in construing the will inasmuch as, where

there is no ambiguity in the terms used, the intent of a testator must be gathered from the terms of the will itself and cannot be changed or explained by parol: Best v. Hammond, 55 Pa. 409; Baker's App., 115 Pa. 590; Howe's App., 126 Pa. 233.

It is also contended by appellant that as the will permitted the widow to act as executrix without bond she should be permitted to retain her share of the proceeds of the estate during her lifetime without giving security therefor, as is required by the Act of May 17, 1871, P. L. 269, which provides that "Whenever any personal property, or the increase, profits or dividends thereof, has been or shall hereafter be bequeathed to any person, for life or for a term of years, or for any other limited period, or upon a condition or contingency, the executor or executors, administrator with the will annexed, or trustee or trustees, under such will, as the case may be, shall deliver the property so bequeathed to the person entitled thereto, upon such person giving security, in the Orphans' Court having jurisdiction of the accounts, in such form and amount as, in the judgment of the court, will sufficiently secure the interest of the person or persons entitled in remainder, whenever the same shall accrue or vest in possession; and any married woman availing herself of the benefits of this act shall have power as a feme sole, to bind her separate estate and property, by any obligation given by her, as security under this act." The above act contains no exception in case the money is received by one in the capacity of executrix to be paid out to herself as legatee nor is there any provision in the will excusing appellant from furnishing bond. Neither is Keene's Est., 81 Pa. 133, relied upon by appellant, authority for establishing an exception in a case like the present. In that case there was an active trust in the hands of the widow who was trustee as well as executrix. If appellant means that as the legatee in this case does not offer to give bond she is permitted to hold the fund in her capacity of executrix

for an indefinite period of time or until her death the answer is that her duty as executrix is not to hold money but to distribute it: Gitt's Est., 203 Pa. 263; and any person in interest is entitled to call upon her to file an account as is required by law. This was done in the present case by two of the remaindermen filing a petition in the court below setting forth that a certain fund in which the executrix had a life interest was in her hands and averring upon information and belief that she was using a part of the principal as well as interest. The court entered a decree appointing a trust company as trustee and directing it to give bond in a certain amount and ordering the executrix to pay over the fund in question to the trustee. Appellant filed an answer averring inter alia that she had received no notice of application for appointment of a trustee and a rule was thereupon granted to show cause why the appointment should not be revoked. Upon hearing of this rule the former order was vacated as having been prematurely made and a new decree entered appointing the same trustee and increasing the amount of the bond it was required to give to a sum sufficient to cover any other fund which might subsequently come into its hands from payments on account of an outstanding mortgage belonging to the estate. Before making this order, however, a reasonable opportunity should have been given appellant to enter security under the Act of 1871 and have the fund paid over to her. As it does not appear from the record that this was done she should now be given an opportunity to comply with the provisions of that act and on her failure to do so should be required to pay the fund over to the trustee appointed by the court.

It is ordered that the appellant be allowed a reasonable time to enter security, to be approved by the court, in which event she will be permitted to retain the fund in dispute; but, upon her failure to give such security, she is hereby directed to pay over the fund to the trustee in accordance with the decree of the lower court.