## Commonwealth, to use, v. Allen, Appellant.

*Trusts and trustees—Absconding trustee—Removal without notice—Liability of surety—Act of May 1, 1861, P. L. 680—Affidavit of defense—When required—Insufficient averments—Practice Acts of May 25, 1887, P. L. 271, and May 14, 1915, P. L. 483.*

1. Where an action was begun before the passage of the Act of May 14, 1915, P. L. 483, the necessity for an affidavit of defense must be considered under the Practice Act of May 25, 1887, P. L. 271.

2. Under the Act of 1887 an affidavit of defense is required where the action sounds in contract and the demand is certain, or can be made so by proper averments or calculations.

3. Under such act an affidavit of defense is required in an action on a trustee's bond to recover for loss resulting from a tort committed by the principal in failing to account for the proceeds of a sale of real estate.

4. Under the Act of May 1, 1861, P. L. 680, authorizing the court to remove a trustee who fails to properly perform his duty, a trustee may be removed without the issuance of a citation to appear, upon petition alleging that the trustee is a defaulter, a fugitive from justice and that his whereabouts are unknown.

5. In an action on a trustee's bond to recover for a tort committed by the trustee, where it appeared that the trustee had become a bankrupt, the surety was not discharged by reason of the fact that there was no prior adjudication fixing the liability of the trustee, the amount which he had received being admitted by the surety, and the credit to which he was entitled not being disputed by plaintiff.

6. In such case the bond being given to the Commonwealth the action was properly brought to the use of the substituted trustee.

7. A trustee appointed by the Orphans' Court in proceedings under the Price Act, to sell a decedent's real estate, embezzled the proceeds of the sale and absconded. He was subsequently adjudged a bankrupt by the Federal Court. The Orphans' Court, upon petition alleging such facts, removed the trustee without the issuance of a citation. In an action on the trustee's bond to recover from the surety the amount embezzled, the defendant suggested that no affidavit of defense could be required because the action sounded in tort. The court ruled that defendant could be required to file an affidavit of defense. In the affidavit of defense defendant alleged that the trustee had been illegally removed because no citation was issued and that defendant could not be held liable until the trustee had filed an account and the extent of his indebtedness to the estate was fixed by the Orphans' Court. The amounts which the trustee received were not disputed by defendant, and the credits to which he was entitled were not disputed by plaintiff. *Held,* the court did not err in entering judgment for plaintiff for want of a sufficient affidavit of defense.

8. In such case where the bond was conditioned that the trustee should account for the purchase-price of such property as he had received, stating the amount, the fact that a payment had been made to the trustee before the bond was given did not relieve the surety from liability for the amount thereof.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*

9. Assignments of error complaining of the judgment entered by the court below are defective when they fail to set forth the judgment in totidem verbis.

10. An appellant's paper book does not meet the requirements of Rule 39 where the appendix is not separately paged with the pagings followed by the letter "a."

Submitted May 15, 1916. Appeal, No. 36, Jan. T., 1916, by The National Surety Company, from judgment of C. P. Susquehanna Co., Jan. T., 1915, No. 151, for plaintiff, for want of a sufficient affidavit of defense, in case of Commonwealth of Pennsylvania, to the use of E. R. W. Searle, Trustee of the Estate of Harrison H. Dougherty, late of the Township of Franklin, deceased, v. Miller S. Allen, former Trustee of the Estate of Harrison H. Dougherty, and The National Surety Company

476 COMMONWEALTH, to use, *v*. ALLEN, Appellant.

of the City of New York and State of New York.   Before
BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCH-
ZISKER, FRAZER and WALLING, JJ.   Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of
defense.   Before LITTLE, P. J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute and entered judg-
ment for plaintiff.   The National Surety Company ap-
pealed.

*Error assigned,* among others, was the order of the
court.

*F. A. Davies* and *W. D. B. Ainey,* submitted for appel-
lant.

*E. R. W. Searle* and *R. W. Archbald,* submitted for ap-
pellee.

OPINION BY MR. JUSTICE FRAZER, July 1, 1916:

H. H. Dougherty by his will left his entire estate to
his wife and children for their lives with remainder to
his grandchildren.   In 1908 the life tenants presented a
petition to the Orphans' Court asking for the sale of a
certain piece of realty belonging to the estate, averring
the property was greatly out of repair and depreciating
in value and imposed a burdensome expense for its main-
tenance upon petitioners.   An auditor was appointed to
report the facts, who recommended the sale of the prop-
erty for $1,800.   The lower court approved the auditor's
recommendation and appointed Miller S. Allen trustee,
who subsequently filed his bond for $3,600 with the
National Surety Company of New York, defendant here-
in, as surety, the condition of the bond being that Allen
should "faithfully discharge the duties of the said trust"
and "truly account for and faithfully appropriate the

proceeds of the same" according to the uses and trusts contained in the will of decedent. Previous to filing the bond Allen received a check for $450 from the purchaser as an advanced payment on account of the purchase-price. He subsequently received the balance of the purchase-money and paid the interest thereon to the cestuis que trust to November 12, 1912, also certain expenses amounting to $70.60, but failed to account for the balance. The heirs thereupon presented a petition to the Orphans' Court setting forth the sale of the property and the payment of the proceeds to Allen as trustee and averring that subsequent to receiving the purchase-money Allen absconded and his whereabouts were unknown; that he had been adjudged a bankrupt by the Federal Court and indicted in the Court of Quarter Sessions for embezzling large sums of money, among which were the proceeds of the sale of the realty which he held as trustee; and asking for his removal and the appointment of a new trustee. The court made an order of removal as prayed for on "the presentation of the foregoing petition and affidavit and other evidence brought to the attention of the court......the facts alleged in the petition being well known to the court." This action against the surety on the bond was then commenced in the name of the Commonwealth to the use of the new trustee to recover the sum embezzled by Allen. Defendant filed a suggestion that an affidavit of defense was not required by the act of assembly, and upon a rule for judgment for want of an affidavit of defense defendants were granted leave to file an affidavit within fifteen days. Following the filing of an affidavit of defense, plaintiff entered a rule for judgment for want of its sufficiency and judgment was entered thereon for plaintiff in the sum of $1,800, with interest, from November 12, 1912, less a credit for the amount of $70.60. From the order so entered the defendant surety company has taken this appeal.

There are two assignments of error, the first being to

the action of the court in entering judgment for want of a sufficient affidavit of defense and the second to the entry of judgment for plaintiff and against defendant. Both assignments violate the rules of this court in that they fail to set forth the judgment of the court below. Appellant has also disregarded Rule 39 which requires the appendix to be paged separately with the pagings followed by the letter "a." Notwithstanding these defects, we have considered the case on its merits and find no cause for reversal.

This action was begun before the passage of the Practice Act of May 14, 1915, P. L. 483, and the necessity for an affidavit of defense must consequently be considered under the Act of May 25, 1887, P. L. 271, which requires the statement of claim to be replied to by affidavit in actions of assumpsit. While the form of action is not conclusive as to the necessity for an affidavit of defense, the rule in actions of this character is that such affidavit is required where the action sounds in contract and the demand is certain, or can be made so by proper averments or calculations. Whether an affidavit is required in an action on a bond depends upon the nature of the claim set forth in the statement. In the present case defendant contracted for liability in case the principal failed to account for the proceeds of the sale. The amount of the loss is not disputed. While the principal has committed a tort, this is a contingency upon the happening of which the surety company agreed to become liable, and the case falls within the affidavit of defense law: Byrne v. Hayden, 124 Pa. 170; Hazle Twp. v. Markle, 175 Pa. 405; Com. v. Yeisley, 6 Pa. Superior Ct. 273.

Defendant also complains that the court below was without authority to remove the trustee without citation and the decree was therefore illegal and void and the substituted trustee not legally appointed. The Act of May 1, 1861, P. L. 680, authorizes the court to remove a trustee who has failed to properly perform his duties and

provides for the issuing of a citation requiring him to appear and answer the charge and authorizes the court, after hearing, to remove the trustee and compel him to pay over and deliver to his successor the property or money in his hands. While the usual practice is to issue a citation so that the trustee may have an opportunity to be heard, yet where, as in this case, the circumstances are such as to render this proceeding useless, there seems to be no valid reason why it may not be dispensed with. The petition averred, and it is not denied, that the trustee was a defaulter and a fugitive from justice and his whereabouts unknown. These facts were known to the court below, as is indicated by the decree. Under the circumstances the issuing of a citation with the knowledge that it could not be served, or if served, would be a useless proceeding, requiring the incurring of needless expense and resulting in uncalled for delay, was unnecessary and the removal of the trustee without citation is therefore not reversible error: Van Dusen's App., 102 Pa. 224.

The reasoning which makes unnecessary the issuing of a citation to the absconding trustee to account also applies to the argument that there was no prior adjudication fixing his liability and therefore no determination of the amount for which the surety is liable. Nothing could be gained by citing him to account, for the reason that he is not within the jurisdiction, his whereabouts are unknown and his estate has become bankrupt. There appears to be nothing for which he could account if present. The amount received and paid out by him is not in dispute. The liability of the surety is measured by the amount of funds which came into his hands, less the credits which have been admitted, and which were duly allowed by the court below.

The bond on which action is brought was given to the Commonwealth of Pennsylvania and the proceedings are in the name of the Commonwealth to the use of the substituted trustee. Under the circumstances, there

is no valid reason why defendant should object to the addition of the use-plaintiff on the record. The Act of May 1, 1861, permits the court to remove the trustee and to require him to deliver over and pay to his successor the goods or moneys belonging to the estate which are in his hands. The substituted trustee is therefore the proper person to receive them. Whether or not he could sue in his own name to recover in this action on the bond of his predecessor is immaterial, since the legal party plaintiff is the Commonwealth of Pennsylvania, in whose name the bond was executed: Crawford v. Stewart, 38 Pa. 34; and a judgment in this case will fully protect the defendant from any subsequent proceeding on the same cause of action.

The payment of the sum of $450 to the trustee on account of the purchase-price of the property before the bond was filed, does not relieve the surety from liability for this amount. The bond recites the property was to be sold for the sum of $1,800 and is conditioned that the trustee shall fully account for all of the proceeds. The mere fact that a payment had already been made does not make such payment any the less a part of the proceeds of the consideration. The surety company contracted for liability for the full amount, and was not injured by the advance payment of a portion of the consideration: Com. v. Fidelity & Deposit Co. of Maryland, 224 Pa. 95.

The assignments of error are overruled and the judgment is affirmed.