tent of the corroboration sufficient to warrant conviction on the testimony of an accomplice, in view of the instructions on the subject contained in the general charge covering the questions raised and to which no error is assigned. We suggest, however, that on the next trial of the cause the court in its general charge state clearly the law applicable to the testimony of an accomplice and make a more specific application of it to the particular facts of the case. The court should point out, in a general way, not only the testimony of the accomplice but wherein it is claimed to be contradicted and corroborated and the jury should be told that they must closely scrutinize such testimony and accept it with caution.

The second assignment of error is sustained, the judgment is reversed, and a venire facias de novo is awarded.

---

## Ivison's Estate.

*Decedents' estates—Trusts and trustees—Life tenants—Security for legacy.*

Where testatrix left to her husband, the executor of her estate, all her interest in a property with the provision that he should pay interest on $5,000 for the maintenance of testatrix's grandson, the said $5,000 to revert at the death of the husband to the estate for the use of the grandson, the husband was properly required to give bond to secure the payment of the said interest and principal as provided by the will of testatrix.

Kemmerer's Est., 251 Pa. 282, followed.

Argued March 5, 1917. Appeal, No. 271, Jan. T., 1916, by I. D. Ivison, from decree of O. C. Franklin Co., requiring a life tenant of personalty to enter security in Estate of Kate Keyser Ivison, deceased. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition to require a life tenant of personal property to enter security. Before GILLAN, P. J.

Kate Keyser Ivison died testate, June 1, 1912. Her will consisted of a formal paper and a letter of instructions to her executor and was duly probated before the register of wills of Franklin County and letters testamentary granted to I. D. Ivison, one of her executors, the other renouncing. The formal will gave to her executors the residuary estate in trust with power to convert the same into money and to invest and reinvest the same in lawful securities, the income to be paid to the guardian of her grandson, George W. Brodhead, the principal of the said fund to be paid to George W. Brodhead absolutely, when he became twenty-one (21) years of age. In case of his death before he became twenty-one years of age without child or children surviving, the residuary estate was given to certain other persons.

The letter of instructions probated as part of the will gave to I. D. Ivison, the husband of the testatrix, all her interest in the Hotel Washington, "he to pay the interest on five thousand (5,000) dollars at the rate of five (5) per cent. to my estate the same for (interest) maintenance of my grandson, George Wills Brodhead; interest not to begin for one year after my death and at the death of my husband, I. D. Ivison, the five thousand (5,000) dollars to revert to my estate for the use of my grandson, George Wills Brodhead, if of age. If not, to be invested to the best advantage by the trustees, interest only to be used. In case my grandson before reaching the age of twenty-one (21) years should die without issue, I give and bequeath to my husband, I. D. Ivison, all money, bonds, mortgages"; the remainder of the estate being given to certain legatees.

I. D. Ivison elected to take under his wife's will. He filed his account as executor which was excepted to and the exceptions in part sustained. On February 7, 1916, the Philadelphia Trust Company, guardian of George Wills Brodhead, the minor grandson of the testatrix, presented its petition to the Orphans' Court of Franklin County for a rule on I. D. Ivison to turn over the certain

articles given to him for life or until he should remarry and to require him to give security in the sum of ten thousand (10,000) dollars for the payment of two hundred fifty (250) dollars to the guardian of George Wills Brodhead annually and to pay the principal sum to the said George Wills Brodhead, as provided by the will of the testatrix.

I. D. Ivison, in his answer to said petition, expressed his willingness to turn over the articles of personal property valued at about four hundred (400) dollars but denied the right of the guardian to require him to give security on the ground that the money was payable by him as legatee not to the guardian but to himself as trustee under the will of his deceased wife and that as trustee he had active duties to perform and, therefore, should not be required to give security.

The court decided that the case was ruled by Kemmerer's Est., 251 Pa. 282, and directed I. D. Ivison to enter security in the sum of $8,000. I. D. Ivison appealed.

*Error assigned* was the order of the court.

*Charles Walter,* with him *Arthur W. Gillan,* for appellant.

*Irvin C. Elder,* with him *John Stockburger, James F. Hagen* and *Walter K. Sharpe,* for appellee.

PER CURIAM, March 19, 1917:

We agree with the learned judge of the Orphans' Court that this case is ruled by Kemmerer's Est., 251 Pa. 282, and, therefore, the decree is affirmed.