## Hess's Estate

*John A. Coyle,* for accountant and exceptant.
*George T. Hambright* and *John E. Malone,* contra.

APPEL, P. J., March 17, 1932.—Exception is taken in this case to the decree of the court because testator's widow, to whom was bequeathed "for and during the time of her natural life" all the estate, was ordered to give a bond with security to protect the remaindermen, in accord with the provisions of section twenty-three of the Fiduciaries Act of 1917 (20 PS § 635).

Inasmuch as this question frequently arises in the interpretation of wills and the distribution of estates, we quote the above section in full. It is as follows:

"Section 23. Whenever any person is or shall be entitled to the income from the proceeds of the sale of a decedent's real estate; and whenever any personal property, or the increase, profits or dividends thereof, has been or shall hereafter be bequeathed to any person for life or for a term of years, or for any other limited period, or upon a condition or contingency; the executor or executors, administrator with the will annexed, trustee or trustees under such will, or trustee appointed by the orphans' court to make such sale of real estate, as the case may be, shall deliver the property so bequeathed to the person entitled thereto, upon such person giving security in the orphans' court having jurisdiction, in such form and amount as in the judgment of the court will sufficiently secure the interests of the person or persons entitled in remainder, whenever the same shall accrue or vest in possession. Should such person or legatee refuse or neglect, or be unable, to enter such security, the court may, upon petition of any person interested, including the owner of any subsequent interest, vested or contingent, in such proceeds of real estate, personal property, or the increase, profits, or dividends thereof, and upon due notice to all persons interested, so far as such notice can reasonably be given, appoint a suitable person or corporation as trustee to receive and hold such proceeds of sale or personal property, invest the same in securities authorized by law, pay the income thereof, after deducting all legal charges, to the person entitled thereto; and, upon the termination of the trust, account for and pay to the persons entitled thereto the corpus of the trust fund, or transfer and deliver to them the securities in which it is invested, as the court may direct, after deducting all legal charges thereon. Such trustee shall enter such security as the court may direct. He shall not be an insurer of the trust fund, and shall be liable to the persons interested in the income or corpus of the trust fund only for such care, prudence, and diligence in the execution of the trust as other trustees are liable for."

This section of the Fiduciaries Act of 1917 is section one of the Act of May 17, 1871, P. L. 269, which act in turn supplied the Act of February 24, 1834, P. L. 73, Sec. 49 (both acts repealed) ; and it contains the law on the subject of bonds to be given by life tenants to protect the interests in remainder.

It is clear under the above-quoted section of the Fiduciaries Act of 1917, and under the authorities, that where the gift is to A for life, without enlargement or amplification, with remainder over, the act applies and a bond with security must be given by the life tenant to protect the interests of the remaindermen. This requires a bond with proper and adequate security. Even where the same person is executor as well as life tenant, he may be compelled by the orphans' court, after he has completed his duties as executor, to transfer the principal of the estate to himself for life and give security to protect the interests of those in remainder: Van Dusen's Appeal, 102 Pa. 224. See, also, Watson's Estate, 241 Pa. 271; O'Donnell's Estate, 252 Pa. 45; Kirkpatrick's Estate, 280 Pa. 306.

In Kemerer's Estate, 251 Pa. 282, where it appeared that the wife had been appointed executrix of the will without bond, she was not thereby relieved of the necessity of giving bond with security as the life tenant. Upon failure to give such a bond, the court will appoint a trustee.

The instant case comes within the above-stated rule, amply sustained by the cases, from which the above are selected at random.

Where, however, the gift to the life tenant is enlarged and amplified by the wording of the will, the court may in its discretion, upon an examination of the facts of each particular case, relieve the life tenant from giving security.

Counsel for exceptant has cited Zehender's Estate, 8 Dist. R. 439, and the opinions of Ferguson and Penrose, JJ. In this case the gift to the life tenant was amplified and enlarged by the words, "so that she may have the *full use* and benefit thereof during such term." These words followed the gift of all his estate to his wife for and during the term of her natural life. Upon her death he gave his estate in trust to invest the same for the benefit of his children, etc. No security was required in addition to her own bond. Without the above-quoted amplifying words, both judges agree the interests in remainder would have had the right to demand security. In his opinion, at page 441, Judge Penrose uses this significant language: "Of course, in the case of a simple gift of the personal property to A for life, with remainder to B, no one can question the duty of the court to require security in the strictest sense of the term for the protection of B's interest."

In the instant case, the gift is contained in a single item of the will, as follows: "Item. All my Estate, real, personal and mixed, I give, devise and bequeath unto my beloved wife, Barbara Frantz Hess, for and during the term of her natural life, and after her death I dispose of the same as follows: . . ."

While the character of the bond to be given by a life tenant to protect the interests of the remaindermen in many cases is largely in the discretion of the court, it must never be forgotten that the intention of the testator, expressed by the words of the will, always controls. The trend of the cases seems to indicate that in the case of a simple gift of a life estate, with remainder over, the act demands a bond with security; and that in other cases where there is enlargement or amplification of the gift by the use of additional words and phrases contained in the will, the court in its discretion may accept the bond of the life tenant without security.

In our opinion, the instant case falls into the first category; while the case in Zehender's Estate, supra, relied on by exceptant, falls into the second category. Particularly should a bond with security be demanded in the instant case, because in this will one-half of the remainder is given to a trustee for a daughter, with a further gift over to her children.

The exception is dismissed, and the adjudication is confirmed absolutely.

From George Ross Eshleman, Lancaster, Pa.