## Walker's Estate

*Albert O. Chapin,* for exceptants.

WAITE, P. J., March 24, 1932.—This case comes before the court on exceptions by the trustees named in the will to an order, adjudication and decree of a former judge of this court, as follows:

"And now, to wit, January 26, 1926, this matter came up for hearing, audit and distribution at these sessions and testimony taken, and, upon consideration thereof, it is ordered, adjudged and decreed that the account, as filed, be confirmed, the balance of $464,408.17 as shown by the account to be paid to Howard R. Walker, Leon S. Briggs, Albert M. Doll and Charles S. Meacham, as testamentary trustees, upon their filing a bond, to be approved by the court, in the sum of $500,000 for the future management of this estate. If the trustees decline to furnish a bond and are unwilling to act as such trustees, they may resign and a trustee be appointed in their place."

On January 29, 1926, the trustees, by their attorneys, filed the following exceptions to the order and decree of the court:

"1. The learned court erred in directing that the balance as shown by the account of $464,408.17 should be paid over to Howard R. Walker, Leon S. Briggs, Albert M. Doll and Charles S. Meacham, as testamentary trustees, upon their filing a bond to be approved by the court in the sum of $500,000, for the reason that the last will and testament of Byron A. Walker directs that no bond or security should be given by said trustees.

"2. The learned court erred in directing that if said trustees decline to furnish a bond and are unwilling to act as such trustees, they may resign and a trustee be appointed in their place, for the reason that there is no authority in law requiring trustees under a will to give a bond for the faithful performance of their duties, where the will of the testator expressly provides that no such bond shall be given; and that no cause or reason for the giving of such bond, as is set forth in section fifty-three of the Fiduciaries Act of June 7, 1917, P. L. 447, exists or has been given by the court as a reason for such decree.

"3. No request or desire for such a bond has been made by any of the parties interested in said estate, either the trustees or the cestuis que trust."

In our opinion, the court erred in that part of the decree requiring the trustees to file a bond. The testator, Byron A. Walker, died testate on September 21, 1922. His will was duly probated on November 16, 1922. Paragraph eight of his will is as follows:

"Lastly, I hereby nominate, constitute and appoint my son, Howard R. Walker, my son-in-law, Leon S. Briggs, and Albert M. Doll, all of Erie, Pennsylvania, and Charles S. Meacham, of Chicago, Illinois, Executors of this my last will and testament, and Trustees under the provisions hereof, and I direct that a majority of said Executors and their successors shall be required to join in the performance of any valid act under this will, and I direct that in case vacancies shall occur in the number of said Executors and Trustees, by death or otherwise, so that the number of my Executors and Trustees shall be less than three, then such vacancy reducing the number of my Executors and Trustees to less than three shall be filled by the appointment by the Orphans' Court of Erie County of some suitable person to be suggested by the then surviving Executors and Trustees; it being my wish and direction that during the period of the settlement of my estate and the administration of said trust, that there shall be at all times three Executors and Trustees; and I direct that neither of my said Executors and Trustees, by reason of nonresidence or otherwise, shall be required to give any bond or security for the faithful performance of his duties as such, unless the same be expressly required by law."

By this clause it will be noted that the same persons are appointed both executors and trustees of the said estate, and that the testator specifically provided as follows:

"And I direct that neither of my said Executors and Trustees, by reason of nonresidence or otherwise, shall be required to give any bond or security for the faithful performance of his duties as such, unless the same be expressly required by law."

A nonresident executor or trustee, in the absence of an express direction in the will to the contrary, is always required to give security for the faithful execution of his office.

That a resident executor may not ordinarily be required to give bond is too well settled in Pennsylvania to require discussion. This probably is because of the confidence shown in them by the testator in naming them to such a position of so great trust and responsibility in handling his estate, after his death.

When the same persons for the same reasons are named both executors and trustees, we can see no sufficient reason for requiring a bond in one case and not in the other. We know of no law requiring a trustee to give a bond where the trust is an active one, except as provided in section fifty-four (a) of the Fiduciaries Act of June 7, 1917, P. L. 447. In such case the Act of May 17, 1871, P. L. 269, No. 251, does not apply. A different rule would apply in the case of waste, fraud, or other mismanagement or misconduct, or in case of insolvency arising after the death of the testator in the case of either an executor or a trustee, or in case of an appointment made by the court to fill a vacancy.

In Mason's Estate, 12 Dist. R. 717, Hanna, President Judge of the Orphans' Court of Philadelphia County, in delivering the opinion of the court, said:

"In the absence of proof of fraud or other mismanagement and misconduct on the part of a trustee (which, however, would be the subject of a separate and independent application to the court under the Acts of Assembly, and not within the cognizance of the auditing judge at the settlement and adjudication of the account of a trustee), no reason has been shown requiring the surviving trustee, who is also sole *cestui que trust*, to enter security for the protection of those entitled in remainder.

"The question is settled by Keene's Estate, 81 Pa. 133, and Lindsay's Estate, 10 W. N. C. 36, where, under a similar state of facts, the court refused to direct the trustee to enter security. In the last cited case the accountants were also the annuitants, and entitled to the entire income of the fund for life; and it is

there said: 'Whether they are to be considered as executors or testamentary trustees, they would not in either capacity be required to enter security in the absence of proof of insolvency, waste, mismanagement or other circumstances prejudicial to the interests of those in remainder.'

"In the present case it is found 'that the estate has been carefully and faithfully managed by the trustee, not only for his own interest, but for the protection of those entitled at his death.

"Furthermore, in this instance, there is also an active trust created by the will of testatrix, and the Act of May 17, 1871, P. L. 269, has no application.

"The exception is dismissed and adjudication confirmed."

In Keene's Estate, 81 Pa. 133, in which the executor was held to be a trustee in reality, although not specifically so called in the will, the court, in a per curiam opinion, said:

"Mrs. Mitchell, being herself an executrix, was not bound to give security for that which came into her hands, and cannot be required to give security to those in remainder."

Mr. Justice Frazer, in Kemerer's Estate, 251 Pa. 282, 285, referring to that case (Keene's Estate, 81 Pa. 133), said:

"In that case there was an active trust in the hands of the widow who was trustee as well as executrix."

(Justice Frazer inadvertently used the word "widow" when, as a matter of fact, Mrs. Mitchell, the executrix and trustee, was a niece of the testator; this, of course, would not change the rule.)

In Kirkpatrick's Estate, 284 Pa. 583, it is held:

"1. Where a testator directs that no security be given, the legal relations between the life tenant and remaindermen are the same as if a bond had been given under the Act of May 17, 1871, P. L. 269.

"2. The direction that security should not be required, took the place of the bond by waiving it."

Justice Kephart, in delivering the opinion of the court, says:

"Whatever may be the rule in other jurisdictions as to holding the life tenant to the obligations of quasi-trustee, our Act of 1871 was enacted for the protection of the remaindermen as well as the life tenant by directing security to be given. The quantity of the estate was made certain and assured to those who were ultimately to receive it. But for the statute there would have been no necessity for testator to mention security. If a trust was implied, a bond would not change it . . . and, if a trust, no act required a bond. Testator evidently had the Act of 1871 in mind. In waiving security, as he had an undoubted right to do (he could have given all his estate to the widow), the estate was not taken out of the statute, but the words 'should not be required to give any security therefor,' took the place of the security by waiving it."

The above decision is particularly in point, and much stronger than the case at bar because, in Kirkpatrick's Estate, supra, the Act of 1871, creating a life estate and a remainderman situation, required a bond.

There are few exceptions to the rule requiring fiduciaries, into whose hands assets may come, to enter security for the protection of the beneficiaries or creditors. This rule does not, however, apply to executors or testamentary trustees resident in Pennsylvania, except as herein noted: See Remick, Orphans' Court Practice (2nd ed.), 425.

In our opinion, it would be unreasonable to require a bond of a trustee when none is required of the same person while acting as executor; especially so when, as in the case at bar, the testator has expressly provided that none should be required. Such a requirement is unwarranted and would impose a wholly

unnecessary burden of expense upon the estate. The exceptions are therefore sustained and the adjudication and decree of January 26, 1926, is modified in accordance with the following

*Amended adjudication and decree*

And now, to wit, March 24, 1932, this matter came before the court on exceptions to the adjudication and decree of January 26, 1926, and upon consideration thereof it is ordered, adjudged and decreed that the account as filed be confirmed, the balance of $464,408.17 shown by the account to be paid to Howard R. Walker, Leon S. Briggs, Albert M. Doll and Charles S. Meacham as testamentary trustees.

From Otto Herbst, Erie, Pa.